UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | CRIMINAL INFORMATION |
| V. ) | NO.  04-10084 JLT |
| ) | |
| BRIAN DICKIE WATERS ) | |

**DEFENDANT BRIAN DICKIE WATERS' SENTENCING MEMORANDUM
AND REQUEST FOR CONSIDERATION PURSUANT TO 18 U.S.C. §3553**

18 U.S.C. §3553(A) provides as follows:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court,in determining the particular sentence to be imposed, shall consider –
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence to be imposed –
>     (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)   to afford adequate deterrence to criminal conduct;
>     (C)   to protect the public from further crimes of the defendant; and
>     (D)   to provide the defendant with needed educational or vocational training, medical care, or other correction treatment in the most effective manner;
> (3)  the kinds of sentences available. . . .

Pursuant to the standards established in *United States v. Booker*, 543 U.S. 220 (2005), Mr.  Waters requests this court to view the US Sentencing Guidelines as advisory only and to consider his overall circumstances and to impose a reasonable sentence that would accomplish the overall objectives of the guidelines as related to his unique circumstances.  See *Gall v.*

2

*United States,* 552 U.S. ---, 128 S. Ct. 586, 2007 WL 4292116 (Dec. 10, 2007) and *Kimbrough v. United States*, 552 U.S. ---, 2007 WL 4292040 (Dec. 10, 2007).

Mr. Waters suggests that a reasonable sentence, but no more than 70 1/2 months, with five years of supervised release, and a special assessment. The defendant further requests a judicial recommendation that the Bureau of Prisons return him to FCI-Herlong to serve the balance of his sentence.

### **NATURE AND CIRCUMSTANCES OF THE OFFENSE**

The nature and circumstances of the offense were addressed substantially in the Presentence Investigation Report (PSR). Mr. Waters notes that there were no observations made during the course of the described police investigation wherein drug activity was observed at, in or around his 583 Campbell Street residence. Mr. Waters was abusing drugs at the time.

Although a firearm was recovered from underneath the mattress of Mr. Waters' bed in his bedroom, as indicated in the PSR, Mr. Waters had been the victim of a serious armed home invasion wherein he was fortunate to survive the attack, while at least one of the assailants was fatally wounded and the other wounded and detained pending the arrival of police. Police investigated the matter and concluded that Mr. Waters had acted in self-defense. No charges were filed against him. He was not prohibited from firearm ownership.

On May 18, 2006, while in the Northern District of California on related charges, Mr. Waters was sentenced to 130 months' imprisonment, 5 years of supervised released and a $100 special assessment (PSR 48). The defendant's offense was related to the instant offense.

3

**OFFENDER CHARACTERISTICS**

Mr. Waters is a 33-year old African-American male with a 1/21/75 date of birth. He has two biological children and has two children from his present marriage/relationship. Since his arrest and incarceration on the related offenses, Mr. Waters has obtained his G.E.D. He has also completed drug abuse education courses, a course on abuse prevention and faith courses on Christian discipleship.

Mr. Waters was raised in a disruptive and abusive environment by parents who (1) had a crack cocaine addiction (father) and (2) an alcohol addiction (mother) (PSR 60).

Mr. Waters had a long history of poly-substance abuse (PSR-66) with limited treatment for his abuse (PSR 67).

Mr. Waters has a criminal record that reflects three separate motor vehicle offenses involving driving with a suspended or revoked driver's license. The earliest offense was in 1996, the latest in 1998. The defendant was not represented by counsel in any of the matters that resulted in his receiving short jail sentences.

Mr. Waters is responsible for his actions and takes full responsibility for his past actions. Heading into the future, Mr. Waters wants to avoid the temptations of the past and be a positive role model for his children. He desperately wants to reconnect with them as soon as possible as they continue to grow and develop.

Of particular note, in 2001, Mr. Waters was the victim of a serious armed home invasion in which the two assailants entered his home were shot and one killed. Police arrived on the scene and conducted an investigation into the circumstances. Concluding that Mr. Waters and a second individual had acted in self-defense, no charges were ever filed.

4

At the time of the instant offense, the defendant was not prohibited from owning or possessing a firearm.

Significantly, as this offense conduct has resulted in the lengthiest term of incarceration in his life, Mr. Waters is extremely remorseful. He feels remorse for his children, their mothers and the relationships in which he is not able to participate. He recognizes that he fell into the same pattern of behavior as his parents, a pattern he had hoped to avoid. The importance of participating in his children's lives, regaining their trust and setting a positive example is something that he hopes to achieve upon his release.

## SERIOUSNESS OF THE OFFENSE

The offense was serious and Mr. Waters does not dispute this fact. In mitigation Mr. Waters asks the court to consider that he was abusing drugs at the time of the offense. Mr. Waters states that drug abuse by choice does not excuse his conduct, but reflects the distortion in his ability to control his actions during the relevant time period. But for the period related to this offense, Mr. Waters has otherwise led a life free from similar serious drug offense conduct.

As part of a period of serious drug abuse, it might be said that Mr. Waters engaged in a serious period of aberrant conduct when he committed the instant offense conduct. The aberrant conduct was the product of having his judgment clouded by his drug abuse.

## A SENTENCE PROMOTING RESPECT FOR THE LAW

Mr. Waters was charged under 21 USC §§841 with possessing more than 500 grams of methamphetamine.. The base offense level for this offense conduct is 36.

While Mr. Waters stands before the court on the above offense, it should be noted that

5

the resolution of this matter occurs in the shadow of the related prosecution from the Northern District of California, *U.S. v. Waters*, 04-0107 (JSW), wherein Mr. Waters was sentenced to 130 months.  **See Exhibit 1**, Transcript of Sentencing Hearing from the Northern District.

The sentence imposed by the Court from the Northern District was above the sentence recommended by the government.  The government recommended a below guidelines sentence of 120 months.  While the issue is not a matter for this court, the district judge from the Northern District noted that he was not imposing a downward departure, because "the Attorney General of the United States has excoriated the judiciary for giving downward departures . . . and saying that the judiciary is abusing its discretion in giving such downward deviations."

An experienced prosecutor for the government characterized Mr. Waters as a street level dealer or mid level narcotics dealer**.  Exhibit 1, ¶10**.  He was not considered an organizer or leader.

It is also important to note that at the time of sentencing in the Northern District, the issue of the firearm was squarely addressed by the court.  Thus, Mr. Waters maintains that where the Northern District Judge considered the offense conduct there and declined to impose the two-point upward adjustment, the government and probation department should be precluded from seeking the same adjustment here.

6

### DEFENDANT'S ACCEPTANCE
### OF RESPONSIBILITY WAS IMMEDIATE AND EXCEPTIONAL

In this case, within a short time of his initial appearance before the court, Mr. Waters acknowledged his guilt, took full responsibility for his actions and notified the government of his intent to plead guilty.  Mr. Waters' acceptance of responsibility was sufficiently early that he was able to spare the government the need of preparing for trial or conducting protracted motions in the case, or having to fly witnesses in from outside the District of Massachusetts.

Mr. Waters' prompt acknowledgment of responsibility was exceptional in the circumstances.

### DEFENDANT'S CRIMINAL HISTORY IS OVERSTATED

Mr. Waters has 4 Criminal History points. He has not previously been convicted of a drug offense.  Although he is 33 years old now, all of his offenses occurred when he was 21 and 23 years of age.

Motor vehicle offenses make up a disproportionate share of his criminal offense history.  Motor vehicle offenses contribute three of his four his criminal history points.  But for the motor vehicle offenses, Mr. Waters would have one criminal history point and he would be eligible for the safety-valve under U.S.S.G. §5C1.2.  This might have led to a further reduction in Mr. Waters' favor.

While he does not deny his driving offenses, it would seem disproportionately harsh for him to be sentenced above the presently imposed 130 month sentence.

Although the Northern District Judge sentenced Mr. Waters in Criminal History Category-2, it would be appropriate as the term of imprisonment becomes more substantial to

7

make a corresponding determination that Category-I be considered.

## EDUCATIONAL EFFORTS

Mr. Waters , as mentioned above has obtained his G.E.D. certificate (2007). He has participated in Narcotics Anonymous, Alcoholics Anonymous, Christian Fellowship, Anger Management programs and others. Certificates are attached as **Exhibit 2**.

In 2004, while in the North County Facility in California, Mr. Waters completed a 15 week domestic violence class and a 15 week drug awareness class.

In 2007, while at FCI-Herlong, Mr. Waters completed a college computer class and a real estate 101 class. Prior to being returned to the District of Massachusetts, he was one week from completing a financial market/stock class.

## THE NECESSARY SENTENCE

Section 3553(a)(2)(A) requires a sentencing court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. The sentence imposed should be "sufficient, but not greater than necessary" to comply with the purposes of sentencing.

Mr. Waters proposes that a sentence of not more than 70 ½ months of incarceration with a period of supervised released, the mandatory special assessment and no fine would be sufficient to achieve the relevant sentencing objectives of congress.[1]

In light of Mr. Waters' history of alcohol and substance abuse, supervised release

---

[1] The defendant's request is in accord with U.S.S.G. 5G1.3(b)(1) & (2) insofar as the proposed sentence takes into consideration the 130 month sentence the defendant is presently serving and the fact that the defendant's arrest in the Northern District of California was part of the same offense conduct for which the defendant is now being sentenced.

8

conditions would include the standard conditions with the requirement that Mr. Waters participate in outpatient substance abuse treatment as directed by the probation department, as well as random urine screening, the $200 special assessment.

## ABILITY TO PAY A FINE

The defendant asks the court to determine that he is unable to pay a fine and not to impose a fine.  As evidenced by the appointment of counsel and his detention since 2004, the defendant states that he is unable to pay a fine.

## LETTERS OF REFERENCE AND SUPPORT

Attached to this motion as **Exhibit 3** are letters attesting to Mr. Waters' good character.  While the letters speak for themselves, the court should understand that Mr. Waters has family and friends who love him and who are prepared to provide positive support for him as he re-integrates into society upon his release.  His release will not result in his being turned loose on society solely to fend for himself.  He will have loved ones who will support and help him as transitions and re-integrates into his community.

Respectfully submitted,

*/S/ William M. White, Jr.*
WILLIAM M. WHITE, JR.
BBO#:  546283
William M. White, Jr. and Associates, LLC
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA   02109
(617) 720-2002

**Dated:  July 2, 2008**