```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

            BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE

------------------------------x

UNITED STATES OF AMERICA,

              v.                    Case No. CR 04-0107 (JSW)

BRIAN DICKIE WATERS,

              Defendant.

------------------------------x

                                    San Francisco, CA
                                    May 18, 2006
                                    3:15 P.M.
                                    (20 pages)


                           APPEARANCES

KEVIN V. RYAN
     United States Attorney for the
     Northern District of California
BY:  ALEXIS HUNTER
     Assistant United States Attorney

V. ROY LEFCOURT
     Attorney for Defendant

ROBERT TENNEY
     Probation Office




                            SENTENCE
```

CONNIE KUHL, RMR, CRR
Official Reporter - U.S. District Court (415) 431-2020

000036

1     MS. HUNTER: Your Honor, just on that point, the
2  government agrees with Probation. We do believe that
3  Mr. Waters's criminal history is over represented since at
4  least three of his convictions are driving with a suspended
5  license. So he received three points alone from that. He has
6  another misdemeanor conviction for a threat crime with intent
7  to terrorize. So the three convictions for the, I guess, the
8  trafficking, vehicle trafficking offenses, bump him
9  automatically up into a higher criminal history category. And
10 I think Mr. Tenney said it best when he said that Mr. Waters
11 appears to be different than most defendants who are put in
12 criminal history Category 3.
13    So that was the reason why, your Honor, the government
14 agrees that the Court should -- and requests that the Court
15 depart down one level so that he'll be in criminal history 2.
16    The government does not agree that the Court should
17 grant the departure down to criminal history Category 1. While
18 we're asking the Court to not count all the points, I don't
19 think that it's appropriate not to consider any of the driving
20 with the suspended or revoked license convictions, especially
21 in the light there were three of them. So we would ask the
22 Court to consider the reduction to one offense level. So, one
23 level down, but not to category history 1, which would require
24 the court, in essence, to totally discount any of those
25 convictions.

```
 1              THE COURT:  But you're not asking for -- you're not --
 2   you're asking for that, and then you're asking for sentencing
 3   below the guidelines, right?  You're asking for a variance
 4   below the guidelines?
 5              MS. HUNTER:  Yes, your Honor.  120-month sentence.  It
 6   would put him into 121 to 151 months.  I'm asking that it --
 7   that he be sentenced to 10 years.
 8              THE COURT:  So you're asking for a variance below the
 9   guidelines?
10              MS. HUNTER:  Yes.
11              THE COURT:  And you're aware that the Attorney General
12   of the United States has excoriated the judiciary for giving
13   downward departures below -- downward variations, and saying
14   that the judiciary is abusing its discretion in giving such
15   downward deviations?  Are you aware of that?
16              MS. HUNTER:  Yes, your Honor.
17              THE COURT:  What level of approval do you have with
18   the government recommending a below guideline sentence?
19              MS. HUNTER:  Your Honor, I did speak with my
20   supervisor and got approval to recommend the proposed sentence,
21   and especially in the light of fact that the government is
22   going along with the initial recommendation of Probation.  So I
23   did get approval from my supervisors to request the 120-month
24   sentence.
25              THE COURT:  What I want to say is this:  That the
```

```
 1  that's not even included in the calculation of his criminal
 2  history.  So how do you square that?
 3           MR. LEFCOURT:  Two different ways, your Honor.  First
 4  of all, my first argument or position would be:  That was when
 5  he was very young.  He was 16 years of age.  He's significantly
 6  older now.
 7           Number 2, nothing in anything that he's done since
 8  then is in any way related to violence against people.  Drugs
 9  are -- can be interpreted as that, but in terms of the kind
10  case that the Court is talking about which cause injury to
11  another person through guns or knives, that's not the situation
12  here.
13           He made mistakes.  In fact, in reading the report, he
14  had such a chaotic youth from his family, it's amazing that
15  he's turned out in many ways as centered as he has.  So I don't
16  think that that was particularly relevant in that, first of
17  all.  From my point of view, once again, if you're not
18  certified as an adult, I don't think that really should be
19  considered as a point, or even as consideration for the Court's
20  consideration.
21           He's not a violent man.
22           THE COURT:  How -- you say that, but he had a .45
23  caliber pistol under his bed.  Loaded.
24           MR. LEFCOURT:  Assuming that's true, you have to
25  relate it:  That was in his own home.  The issue was, it's not
```

```
 1   illegal for him have a pistol.  It's not like the gentleman you
 2   had just recently which was ex-felon in possession of a gun.
 3   That's not Mr. Waters.  It wasn't against the law for him to
 4   have a pistol.
 5            Can I have a moment, your Honor?
 6            (Off the record)
 7            THE COURT:  Sure.
 8            MR. LEFCOURT:  And Mr. Waters wanted me to mention
 9   something, that he had actually been robbed, and not through a
10   drug deal, but from a member of his family, but for
11   self-protection, he was allowed to have --
12            (Off the record)
13            MR. LEFCOURT:  Mr. Waters also wanted me to advise the
14   Court that, which I don't recall at this time, but he said it
15   was actually in the newspapers that there was a home robbery
16   invasion at his house, at which he was not participating,
17   obviously, but there was obviously an invasion at the house
18   also.
19            THE COURT:  Anything further?
20            MR. LEFCOURT:  No, not on that issue.
21            MS. HUNTER:  Nothing further, your Honor.
22            THE COURT:  Mr. Waters, this is your opportunity to
23   address the Court before the Court imposes sentence.
24            THE DEFENDANT:  Judge White, I'm not the same person
25   that was locked up two years ago.  I'm clean and free of drugs.
```