dearly, and the loss of his freedom, and I don't think, to be frank with the Court, maybe this is my own philosophical distinction, is that the difference between six, eight, 10 12, 14 -- whatever the years are, they're obviously significant to the individual. I don't think once you go over a certain number that the deterrent impact is that much more significant. It's the initial sentence and the initial period of time that a person does.

I think it's better to get people, especially people like Mr. Waters, who obviously is bright and intelligent and who can be successful and actually ran a successful business, back in 1996 when Mr. Waters was a relatively young man and from my reading, his drug problem probably got more involved in this than anything else. You know, after awhile, simply it's just warehousing people, and I don't think that's necessarily in the interest of society either. He's going to pay a dear price for the mistake he made.

THE COURT: Let me ask you a question before you go on. That is: On the question of essentially a downward departure based upon overstatement of criminal history, what you say and what the government counsel are urging the Court, and certainly valid in terms of there being a number of motor vehicle violations, but it's also uncontested that he had a previous juvenile problem when he was age 16 where he, according to the report, and again it's uncontested, in a drive-by shooting, shot three people with a shotgun. And

```
 1   that's not even included in the calculation of his criminal
 2   history.  So how do you square that?
 3              MR. LEFCOURT:  Two different ways, your Honor.  First
 4   of all, my first argument or position would be:  That was when
 5   he was very young.  He was 16 years of age.  He's significantly
 6   older now.
 7              Number 2, nothing in anything that he's done since
 8   then is in any way related to violence against people.  Drugs
 9   are -- can be interpreted as that, but in terms of the kind
10   case that the Court is talking about which cause injury to
11   another person through guns or knives, that's not the situation
12   here.
13              He made mistakes.  In fact, in reading the report, he
14   had such a chaotic youth from his family, it's amazing that
15   he's turned out in many ways as centered as he has.  So I don't
16   think that that was particularly relevant in that, first of
17   all.  From my point of view, once again, if you're not
18   certified as an adult, I don't think that really should be
19   considered as a point, or even as consideration for the Court's
20   consideration.
21              He's not a violent man.
22              THE COURT:  How -- you say that, but he had a .45
23   caliber pistol under his bed.  Loaded.
24              MR. LEFCOURT:  Assuming that's true, you have to
25   relate it:  That was in his own home.  The issue was, it's not
```

```
 1  illegal for him have a pistol.  It's not like the gentleman you
 2  had just recently which was ex-felon in possession of a gun.
 3  That's not Mr. Waters.  It wasn't against the law for him to
 4  have a pistol.
 5           Can I have a moment, your Honor?
 6           (Off the record)
 7      THE COURT:  Sure.
 8      MR. LEFCOURT:  And Mr. Waters wanted me to mention
 9  something, that he had actually been robbed, and not through a
10  drug deal, but from a member of his family, but for
11  self-protection, he was allowed to have --
12           (Off the record)
13      MR. LEFCOURT:  Mr. Waters also wanted me to advise the
14  Court that, which I don't recall at this time, but he said it
15  was actually in the newspapers that there was a home robbery
16  invasion at his house, at which he was not participating,
17  obviously, but there was obviously an invasion at the house
18  also.
19      THE COURT:  Anything further?
20      MR. LEFCOURT:  No, not on that issue.
21      MS. HUNTER:  Nothing further, your Honor.
22      THE COURT:  Mr. Waters, this is your opportunity to
23  address the Court before the Court imposes sentence.
24      THE DEFENDANT:  Judge White, I'm not the same person
25  that was locked up two years ago.  I'm clean and free of drugs.
```