UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CRIMINAL INFORMATION |
| V. | ) | NO.  04-10084 JLT |
| | ) | |
| BRIAN DICKIE WATERS | ) | |


**DEFENDANT BRIAN DICKIE WATERS'**
**MOTION PURSUANT TO RULE 35 TO CORRECT SENTENCE**

Now comes the defendant Brian Waters in the above-captioned matter and moves

pursuant to Fed. R. Crim. P. 35(a)  to correct the sentence imposed on him on July 8, 2008 on

the grounds that the sentence imposed reflects a technical error.

In imposing the sentence, the Court stated its intention to impose the ten-year

mandatory sentence and for the defendant to be credited by the Bureau of Prisons with the 52

months he had served on the 130 month sentence imposed on offense no. 04-CR-0107 (JSW)

from the Northern District of California.

According to *United States v. Wilson*,  503 U.S. 329, 112 S.Ct. 1351 (1992), the district

court may not impose a sentence and then direct that the BOP credit any portion of the

sentence.[1]  Calculations of all credits was left to the determination of the Attorney General

---

[1]  "After a district court sentences a federal offender, the Attorney General, through the BOP,
has the responsibility for administering the sentence.  See 18 U.S.C. §3621(a)("A person who
has been sentenced to a term of imprisonment . . . shall be committed to the custody of the
Bureau of Prisons until the expiration of the term imposed.")  To fulfill this duty, the BOP must
know how much of the sentence the offender has left to serve.  Because the offender has the
right to certain jail-time credit under §3585(b), and because the district court cannot
determine the amount of the credit at sentencing, the Attorney General has no choice but to
make the determination as an administrative matter when imprisoning the defendant."  *Wilson*
at 332.

2

through the BOP. *Id*. at 332.

In effect, the intention of the Court was to impose a sentence consistent with the provisions suggested by the defendant under the U.S. Sentencing Guidelines §5G1.3(b), which permits the imposition of a sentence to run concurrently with another sentence.

To achieve the result, the court will impose a sentence that reflects the provisions of §5G1.3 Application Note 3.[2]

<u>THE SENTENCE TO BE IMPOSED</u>

Pursuant to §5G1.3 Application Note 2(C)[3] the sentence to be imposed should

---

[2] (A) Under subsection (c) the court may impose a sentence concurrently, partially concurrently or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:

(i)  the factors set forth un 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(A)):

(ii)  the type (<u>e.g.</u>, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) the time served on the undischarged sentence and the time likely to be served before release;

(iv) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and,

(v)  any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

[3] "" If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgment and Commitment Case Order (i) the applicable subsection (<u>e.g.</u>, §5G1.3(b))0; (ii) the amount of time by which the sentence is being adjusted; (iii) the undischarged term of imprisonment for which the adjustment is being given; and (iv) that the sentence imposed is a sentence reduction pursuant to §5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons."

3

be worded similarly to the following:

> **The Court intends to impose a sentence of 120 months and for that sentence to be served concurrently with the 130 month sentence imposed on the defendant in the Northern District of California, No. 04-CR-0107.**
>
> **The defendant has 78 months left to serve on the 130 month sentence, having served 52 months to date.**
>
> **The Court determines that the 120 month sentence would not be credited by the Bureau of Prisons to run concurrently with the 130 month sentence as the Court intends.**
>
> **Pursuant to U.S.S.G. 5G1.3(b), the Court adjusts the 120 month sentence accordingly.**
>
> **Therefore, the Court imposes a sentence to reflect the Court's discretion under §5G1.3 and pronounces that the defendant will serve 68 months concurrently with the balance of 130 month sentence.**

Respectfully submitted,

/S/ William M. White, Jr.
WILLIAM M. WHITE, JR.
BBO#: 546283
William M. White, Jr. and Associates, LLC
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA  02109
(617) 720-2002

4

**Dated:  July 10, 2008**