UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|    ) | |
| v.    ) | CRIMINAL NO. 04-10084-JLT |
|    ) | |
| BRIAN WATERS    ) | |

**OPPOSITION TO DEFENDANT'S MOTION**
**PURSUANT TO RULE 35 TO CORRECT SENTENCE**

The United States of America respectfully submits that there are only two instances neither applicable here, in which the Court is authorized to impose a sentence below a statutory minimum mandatory term and therefore, opposes the defendant's request that the Court impose a sentence of 68 months instead of 120 months as required by statute.

The Defendant contends that USSG §5G1.3 allows the Court to fashion the sentence he seeks.  However, as the First Circuit noted in United States v. Ramirez, 252 F.3d 516, 518-19 (1st Cir. 2001), "[e]xcept in limited circumstances, sentencing guidelines cannot be employed to impose a sentence below an applicable statutory mandatory minimum."   For this proposition, the First Circuit cited Melendez v. United States, 518 U.S. 120, 126-27 (1996), in which the Supreme Court identified two such circumstances – when the government files a motion to do so for the defendant's substantial assistance pursuant to 18 U.S.C. §3553(e) or when the defendant has successfully qualified for the "safety valve" of 18 U.S.C. §3553(f). Id.   Notably, these are the only two provisions in 18 U.S.C. §3553 which allow for a sentence below a statutory minimum.  The captions of each are also instructive, that is, §3553(e) is entitled "Limited authority to impose a sentence below a statutory minium" and §3553(f) is entitled "Limitation on applicability of statutory minimums in certain cases."

The court in Ramirez, however, did not need to rule on whether USSG §5G1.3 also authorized a sentence below a statutory minimum as the defendant in that case had already been released from custody and §5G1.3 requires an undischarged term of imprisonment for its concurrent sentencing provisions to be applicable.  252 F.3d at 519.  Although the First Circuit did not rule on the issue, it noted that other circuits have upheld such sentences so long as the "total of the time served and the reduced federal sentence equals or exceeds the statutory mandatory minimum term."  Id. (citing United States v. Ross, 219 F.3d 592, 594-95 (7th Cir. 2000); United States v. Drake, 49 F.3d 1438, 1440-41 (9th Cir. 1995); United States v. Kiefer, 20 F.3d 874, 876-77 (8th Cir. 1994)).

The government submits that the Court properly sentenced the defendant to the statutory minimum mandatory 120-month term of imprisonment in this case, and therefore, requests the Court to deny the defendant's motion to correct his sentence.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Sandra S. Bower
       Assistant U.S. Attorney

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2008.

/s/ Sandra S. Bower
Assistant U.S. Attorney