UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. 04-10084-JLT |
| | * | |
| BRIAN WATERS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 30, 2008

TAURO, J.

At Disposition on July 8, 2008, this court orally sentenced Defendant to the statutory mandatory minimum of 120 months and ordered the sentence to run concurrently with a partially undischarged sentence for a related offense in the Northern District of California. Additionally, this court ordered that Defendant receive "credit" for the amount of time he has already served on the California sentence. After reviewing the Parties' post-Disposition filings,[1] and pursuant to Federal Rule of Criminal Procedure 35, this court corrects the sentence as follows.

Defendant shall serve 68 months concurrently with the balance of his 130-month sentence in the Northern District of California, No. 04-CR-0107-JSW. Defendant's conviction triggers the statutory mandatory minimum of 120 months. Pursuant to this court's discretion, however, under Sentencing Guidelines Section 5G1.3(c), this court adjusts Defendant's sentence to account for the substantial period (52 month) Defendant has already spent in custody for the

---

[1] See Def. Brian Dickie Waters' Mot. Pursuant to R. 35 to Correct Sentence [#100]; Opp'n to Def.'s Mot. Pursuant to R. 35 to Correct Sentence [#101]; Def. Brian Dickie Waters' Reply to Govt's Opp'n to Mot. Pursuant to R. 35 to Correct Sentence [#102].

related California offense.[2] The time already served by Defendant (52 months), plus the adjusted sentence (68 months), equals the statutory mandatory minimum of 120 months. Additionally, pursuant to this court's discretion under Section 5G1.3(c), the sentence shall run concurrently with the 130-month California sentence.

This court's authority under Section 5G1.3(c) to "adjust" a sentence is distinct from the Bureau of Prisons' authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.[3] Such an adjustment furthers the underlying policy of Section 5G1.3 in achieving "a reasonable punishment for the instant offense," ensuring that "the combined punishment is not unduly increased by the fortuity and timing of separate prosecutions and sentencings," and preventing duplicative sentencing.[4] Additionally, as noted by the Supreme Court, "there are often valid reasons why related crimes by the same defendant are not prosecuted in the same proceeding, and § 5G1.3 of the Guidelines attempts to achieve some coordination of sentences imposed . . . with an eye toward having such punishments approximate the total penalty that would have been imposed in a single proceeding."[5]

---

[2] See, e.g., United States v. Baker, 166 Fed. Appx. 566, 569 (2d Cir. 2006) (finding that the district court had authority pursuant to Section 5G1.3(c) to depart downward from the mandatory minimum and reducing Defendant's sentence by time served on his related sentence); Bailey v. Nash, 134 Fed. Appx. 503, 506 (3d Cir. 2005) (discussing sentencing court's authority to "adjust" sentence pursuant to Section 5G1.3(c)); United States v. Brannan, 74 F.3d 448, 454 (3d Cir. 1996) (stating that district court could have departed from guidelines range and awarded sentence that took into account prior time served on related sentence under Section 5G1.3(c)).

[3] See United States v. Wilson, 503 U.S. 329, 335 (1992).

[4] U.S.S.G. § 5G1.3 Application Note 3(D), 3(E).

[5] Witte v. United States, 515 U.S. 389, 405 (1995) (citing Section 5G1.3).

Lastly, this sentence does not frustrate the purpose of the statutory mandatory minimum. As acknowledged by the Government,[6] a sentence is permissible under the mandatory minimum if the total of the time served and the adjusted sentence equals or exceeds the statutory mandatory minimum term.[7] As noted above, that is the case here. The total of the time served plus the adjusted sentence equals the statutory mandatory minimum of 120 months.

Accordingly, pursuant to Federal Rule of Criminal Procedure 35, this court corrects its July 8, 2008 Disposition. Defendant shall serve an additional 68 months, to run concurrently with the balance of his 130-month sentence in the Northern District of California.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[6] See Gov't Opp'n to Def.'s Mot. Pursuant to R. 35 to Correct Sentence at 2 [#101].

[7] See, e.g., United States v. Ikner, 175 Fed. Appx. 83, 84 (7th Cir. 2006) ("the district court may adjust a defendant's federal sentence to account for time served on related charges so long as the defendant's total period of incarceration is equal to or greater than the statutory minimum") (citing United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000); United States v. Rivers, 329 F.3d 119, 122 (2d Cir. 2003)); Rivers, 329 F.3d at 122 ("so long as the total period of incarceration, after the adjustment, is equal or greater than the statutory minimum, the statutory dictate has been observed and its purpose accomplished"); United States v. Herndon, 2008 WL 750588 at *2 (W.D.Va. Mar. 19, 2008) ("the total time served for the defendant's criminal conduct, in both state and federal imprisonment, will meet or exceed the statutory mandatory minimum and is thus proper") (citing Ikner, 175 Appx. at 84; Rivers, 329 F.3d at 122; United States v. Meeks, 2007 WL 1746245, at *1-2 (W.D.N.C. June 15, 2007)); Meeks, 2007 WL 1746245 at *1-2 ("Several U.S. Courts of Appeals have found that district courts may adjust a sentence, pursuant to U.S.S.G. § 5G1.3, to achieve an aggregate sentence equal to the statutory mandatory minimum when combined with credit for time spent in state custody.") (citations omitted).
    This court notes that several of these cases predate the November 2003 revisions to Section 5G1.3. The revisions, however, do not affect the holding of these courts that a sentence is proper if the total time served equals or exceeds the statutory mandatory minimum. See also Ikner, 175 Fed. Appx. at 84 (citing several cases decided prior to the 2003 revision for this holding).